LOTTINGER, Judge.
This action resulted from a bus-automobile collision. The plaintiff-appellants are George Bell and his wife Jeanetta S. Bell. The Lower Court rendered judgment for defendants, Theodore B. Clement and Baton Rouge Bus Company, Inc., defendants-appellees herein, dismissing plaintiffs’ suit, and plaintiffs have filed this appeal.
This suit arises out of an accident which occurred on February 10, 1968, at about 11:50 A.M. in the city limits of Baton Rouge involving a 1963 Pontiac automobile owned by George Bell and driven by his wife Jeanetta S. Bell and a 1960 G.M.C. bus owned by Baton Rouge Bus Company, Inc. and driven by Theodore B. Clement. Mrs. Bell was headed north on North 36th Street. The bus was headed west or towards the Mississippi River in the northerly or outside lane of North Street, a four lane street, and it was approaching the intersection of North Street and North 36th Streets. North Street is the favored street, the said intersection being controlled by stop signs directed toward traffic on North 36th Street.
The testimony is clear that Mrs. Bell stopped at the stop sign. She then proceeded to cross North Street to continue heading north on North 36th Street. She was then forced to bring her car to a stop, blocking the westbound lanes of North Street, to attempt to avoid hitting an old lady pedestrian who was going west and crossing North 36th Street along the northerly edge of North Street and who left the accident without being identified.
The bus then struck the car, the right front of the bus striking the right rear of the car.
Plaintiffs-appellants filed suit against the defendants-appellees herein. Theodore B. Clement and Baton Rouge Bus Company, Inc.; against The Aetna Casualty & Surety Company, the personal liability insurer of Mr. Clement; and against Grain Dealers Mutual Insurance Company, the uninsured motorist insurer of plaintiffs. The two insurance companies were dismissed on motion for summary judgment and those dismissals have not been appealed.
*523 In dismissing plaintiff’s suit, the Lower Court reached the conclusion that Mr. Clement, the bus driver, was not guilty of negligence as he was confronted with a sudden emergency not of his own making. Although the Lower Court did not have to determine the negligence and/or contributory negligence of Mrs. Bell, it stated that it was not satisfied that Mrs. Bell was not guilty of negligence. The Lower Court also stated, and we agree that the little old lady who was attempting to cross the street was indeed negligent.
The alleged negligence of Mr. Clement, the bus driver, is the first issue facing this court. Although the testimony of different witnesses is in conflict, we will use the testimony of Mr. Clement, the bus driver and defendant, as well as the Reasons for Judgment of the Lower Court in an attempt to answer this question.
The following accurately states Mr. Clement’s recollection of the accident:
“A (Mr. Clement) I was in the westbound lane of traffic, I mean the northbound lane going west up on North Street approaching the intersection of 36th Street when I saw the car, this particular car that I had the accident with. I immediately shifted my foot off the accelerator onto the brake pedal and cut as much speed and applied as much power as I could put to the brakes. By that time I was already in collision with the car, hitting it. My right corner — I cut to the left and the right corner of the bus hit the car right where the back fender and the back wheel comes down together, the front end of the back wheel which left us in a position of my bus setting angling, facing in a kind of southwesterly direction. This car, it knocked the back end of the car, which it was facing at that time in a kind of a northeasterly direction on 36th Street, and the intersection of both lanes on Florida Street, North Street.
Q (Mr. Wilson) Where was the car when you first saw it?
A When I first saw the car the front end of the car was about middleways of North Street.
Q How far away were you from the intersection ?
A Oh, I’d say approximately a bus length.
i|< * ^ * * ‡
Q What did you do when you first saw the car?
A The first thing you do is to take your foot off of the accelerator and put it on the brakes.
Q Was the car moving when you saw it?
A Yes.
Q Did you see this pedestrian ?
A No, sir.”
The Lower Court interpreted the above as follows:
“The bus driver said he first saw the Bell vehicle when it was approximately thirty feet away when the front end of her vehicle came across the center section. At that time he put on his brakes and pulled to the left.”
We also want to point out the following testimony of plaintiff, Mrs. Bell, in this connection:
“Q (Mr. Barnes) Now as you moved out, when did this pedestrian come to your attention?
A (Mrs. Bell) Not until I got into that fourth lane. * * * ”
It must be remembered that North Street is a four lane street. The testimony establishes that the collision occurred in the west bound lanes of North Street and in *524 the north bound lane of 36th Street, with the bus striking the right rear portion of the Bell vehicle.
By the testimony of Mrs. Bell, she did not see the pedestrian until her vehicle had entered the fourth lane of North Street. She would have cleared North Street had she not been compelled to stop for the pedestrian. The Bell vehicle was moving when Mr. Clement first saw it, and he properly could assume that it was going to clear the intersection before he got there since he is not required to use an abundance of caution in expectation that an adult pedestrian is going to negligently step into the street. Mrs. Bell would have cleared the intersection had she not been called on to react to the pedestrian in front of her by bringing her vehicle to a stop. This in turn caused Mr. Clement to be confronted with the Bell vehicle suddenly stopping thirty feet way in his lane of traffic. In the words of the Lower Court, “Trying to put all this together and come up with a judgment in this case clearly indicates to the court that the driver of the bus was confronted with a sudden emergency, not of his own making.” From the record as a whole we do not find this statement of the Lower Court to be in error. Therefore, we find that Mr. Clement was confronted with a sudden emergency and was not negligent in being unable to avoid hitting the Bell vehicle which suddenly stopped in front of him in the outside lane of North Street and apparently extended a short distance into the inside lane thereof completely blocking his path.
Having decided that Mr. Clement was not negligent, it is unnecessary to answer the second issue herein, that being the negligence and/or contributory negligence of Mrs. Bell.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by plaintiffs-appellants.
Judgment affirmed.